## (May 13, 1965)

■ EARL M. REIBACK, Respondent, v. MALIBU SHORE CLUB, INC., et al., Appellants.

APPEAL from a judgment of the Supreme Court in favor of plaintiff, entered December 17, 1964 in New York County, upon a verdict rendered at a Trial Term, in an action to recover damages for assault and battery.

Per Curiam. Defendants appeal from a judgment entered against them December 17, 1964, in favor of plaintiff in the respective sums of $140,000 compensatory and $55,000 punitive damages for assault and battery, and

defendant Malibu Shore Club, Inc. (Malibu) appeals from a judgment solely against it awarding plaintiff $2,500 compensatory and $4,000 punitive damages for false imprisonment.

The action arose out of an incident which occurred July 23, 1961, when plaintiff was assaulted and brutally beaten on the premises of Malibu by one of its employees acting within the scope of his employment. The record amply supports the jury's determination of liability on the part of these defendants for the wrongs of which plaintiff complains. The determination of liability is affirmed. The record does not contain sufficient and satisfactory proof to support the respective awards for compensatory damages. A new trial should be had solely on that issue. We do not say that such an amount, with particular respect to the assault charge and damages flowing therefrom, cannot under any conceivable facts be supported, but hold on this record the medical proof is both inadequate and unsatisfactory to sustain it. Among other things, a physician testifying on behalf of plaintiff testified that two tests which would reveal feigning or shamming were not made. The nature and extent of the injuries suffered by plaintiff should be more carefully delineated and fully explored, and the probable future consequences more adequately set forth. While defendants complain of the medical testimony it might be noted that defendants had a physical examination by a physician of their own choosing yet refrained from calling such doctor as a witness.

In order that this court might more justly appraise the damages suffered and any compensation awarded, we deem it advisable that plaintiff submit to an examination by an impartial medical expert, or experts, and so direct. The examination shall be in accordance with the rules of the court (New York County Supreme Court Rules, pt. I, rule XI, subd. 12).

We do not now reach or pass upon the issue or items of punitive damages, reserving determination thereon pending the outcome of the new trial being directed.

The determination of the appeal should be withheld, save on the question of liability which should be affirmed, and the matter otherwise remitted to the Supreme Court for a new trial solely on the issue of compensatory damages, with costs and disbursements to abide the event (CPLR 5522).

Botein, P. J., Valente, McNally, Stevens and Steuer, JJ., concur.

Determination of the appeal withheld, save on the question of liability which is affirmed, and the matter otherwise remitted to the Supreme Court for a new trial solely on the issue of compensatory damages, with $50 costs to abide the event (CPLR 5522).